**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN VILLENEUVE,

      Petitioner,                Civil No. 2:14-CV-13768
                                  HONORABLE DENISE PAGE HOOD
v.                            UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

      Respondent,

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO FILE AN**
**AMENDED PETITION, HOLDING IN ABEYANCE THE PETITION FOR WRIT**
**OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE, AND**
**DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL.**

      John Villeneuve, ("Petitioner"), confined at the Macomb Correctional

Facility in New Haven, Michigan, filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se*, petitioner

challenges his convictions for first-degree criminal sexual conduct, M.C.L.A.

750.520(b).

      Petitioner has filed a motion to file an amended habeas petition.  The Court

will grant the motion to amend the habeas petition.  Petitioner, however, seeks to

add new claims in this amended petition which were not properly raised before

the state courts.  In *lieu* of dismissing the petition, the Court holds the petition in

abeyance and stays the proceedings under the terms outlined in this opinion to

permit petitioner to return to the state courts to exhaust his additional claims.  The

1

Court will also administratively close the case.  The Court denies petitioner's motion for the appointment of counsel.

## I.  Background

Petitioner pleaded guilty to two counts of first-degree criminal sexual conduct in the Alpena County Circuit Court.  Petitioner was originally sentenced to life in prison.

In 2012, petitioner filed a motion for relief from judgment with the trial court, in which he raised several claims related to his plea and sentencing.  The trial judge appointed counsel for petitioner.  At the motion hearing, petitioner's appellate counsel informed the judge that petitioner no longer wished to withdraw his guilty plea but proceed with re-sentencing.  Counsel essentially asked the trial court to treat petitioner's motion for relief from judgment as a motion for re-sentencing.  Petitioner agreed on the record that he wished to proceed simply with re-sentencing.  The judge agreed to order a re-sentencing, noting that he had mistakenly believed that petitioner was subject to a mandatory minimum 25 year prison term. (Tr. 1/4/13, pp. 3-8).

On March 13, 2013, petitioner was re-sentenced to fifteen to thirty years in prison.  The judge advised petitioner that he could file an application for leave to appeal from the re-sentencing. (Tr. 3/13/13, pp. 50-51).

Petitioner's counsel appealed to the Michigan Court of Appeals, raising a single claim that the court violated petitioner's due process rights by considering

2

uncharged allegations made by another victim that had been mentioned in the

pre-sentence investigation report, where petitioner denied the allegations and the

judge failed to make findings of fact with respect to those allegations.  The

Michigan Court of Appeals denied the appeal "for lack of merit in the grounds

presented." *People v. Villeneuve,* No. 316173 (Mich.Ct.App. December 18, 2013).

Petitioner did not seek leave to appeal with the Michigan Supreme Court. [1]

On January 24, 2014, petitioner filed this application for writ of habeas

corpus, in which he seeks habeas relief on the following claims: [2]

I. The court erred when sentencing plaintiff using inaccurate information, resulting in an Eighth Amendment violation of due process right.

II. An illegal amendment was made to the presentence investigation report during the sentencing and resentencing procedure, causing an Eighth Amendment violation.

III. Untrue, inaccurate, and challenged information included in the presentence investigation report was never dealt with on record, causing undue prejudice to the plaintiff.

IV. The presentence investigation report in this case contains information ordered to be removed, prejudicing the plaintiff before the Michigan Department of Corrections.

Petitioner has filed a request to file an amended or supplemental habeas

petition, in which he wishes to raise issues involving misidentification, a delay in

---

[1]  See Affidavit from Larry Royster, Clerk of the Michigan Supreme Court. [Dkt. # 8-14].

[2]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on January 24, 2014, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

prosecution, that his guilty plea was involuntary, and the ineffective assistance of appellate counsel.

## II. Discussion

### A. The Court grants the motion to amend the petition.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). Delay by itself is not sufficient to deny a motion to amend. *Id.* at 342.

The Court will permit petitioner to amend his petition to include these additional claims. Petitioner's proposed amended habeas petition advances new claims that may have arguable merit, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F. 3d 86, 92 (3rd Cir. 1995).

### B. The Court will hold petitioner's mixed petition in abeyance to permit him to exhaust these claims in the state courts.

The petition is now subject to dismissal because it contains several claims which were not properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal

4

court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009).  Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).  The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A review of petitioner's appeal before the Michigan Court of Appeals shows that the only claim that was raised on petitioner's direct appeal was his claim that the trial judge improperly considered allegations of uncharged criminal conduct when sentencing petitioner. [3]  Appellate counsel did not raise any claims relating to possible misidentification, delays in prosecution, or the voluntariness of petitioner's plea.  Petitioner, in fact, claims in his request to amend the petition that appellate counsel was ineffective for failing to raise these claims on his direct appeal.  Appellate counsel certainly did not raise any claim involving his own

---

[3]  *See* Application for Leave to Appeal. [part of this Court's Dkt. # 8-13].

5

alleged ineffectiveness.  The claims are unexhausted and the petition is subject to dismissal. [4]

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claim in the state courts.

A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F. 3d at 419.  Further, petitioner asserts that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5.  Petitioner also has good cause for failing to raise his

---

[4]  Petitioner also appears to raise a claim in his original petition that his appellate counsel was ineffective at his re-sentencing.  This claim, too, has yet to be exhausted with the state courts.

6

ineffective assistance of appellate counsel claim earlier because state

post-conviction review would be the first opportunity that he had to raise this

claim in the Michigan courts. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir.

2010).  Finally, there is no showing that petitioner has been dilatory in seeking

relief.

However, even where a district court determines that a stay is appropriate

pending exhaustion of state court remedies, the district court "should place

reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544

U.S. at 278.  Therefore, to ensure that there are no delays by petitioner in

exhausting his state court remedies, this Court will impose upon petitioner time

limits within which he must proceed with his state court post-conviction

proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).  Petitioner

must present his claims in state court by filing a post-conviction motion for relief

from judgment with the state trial court within sixty days from the date of this

Order. *See id.*  Further, he must ask this Court to lift the stay within sixty days of

exhausting his state court remedies. *See id.*  "If the conditions of the stay are not

met, the stay may later be vacated *nunc pro tunc* as of the date the stay was

entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal

quotation omitted).

Petitioner has an available state court remedy with which to exhaust his

claims.  Exhausting state court remedies in this case requires the filing of a post-

7

conviction motion for relief from judgment with the trial court under Michigan Court Rule 6.500, *et. seq.* See *Wagner,* 581 F. 3d at 419.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. See *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he is raising in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court is aware that petitioner already filed a motion for relief from judgment prior to his re-sentencing.  Pursuant to M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)).

Petitioner, however, can probably file a motion for relief from judgment because his first motion for relief from judgment was never adjudicated as such, but was for all intents and purposes treated as a motion for re-sentencing.

8

Appellate counsel indicated in his brief on appeal that petitioner basically converted his motion for relief from judgment into a motion for re-sentencing. [5] More importantly, petitioner was re-sentenced by the judge on March 13, 2013. Subchapter 6.500 of the Michigan Court Rules addresses the procedure a criminal defendant may use to obtain postappeal or post-conviction relief.  A second sentence that is imposed by a judge following a re-sentencing does not fall within the provisions of M.C.R. 6.500, *et. Seq. See People v. Martinez*, 193 Mich. App. 377, 380-82, 485 N.W. 2d 124, 126 (1992)(M.C.R. 6.509, the rule governing appeals from the denial of motions for relief from judgment, was inapplicable where defendant appealed from his re-sentencing and not the original conviction and sentence); *See also People v. Rhoades,* 467 Mich. 946, 656 N.W.2d 525 (2003)("for purposes of MCR 6.502(G)(1), the [Michigan Supreme] Court notes that contrary to the trial court's characterization of defendant's motion as a motion for relief from judgment, defendant properly designated his motion as motion for resentencing").  Further evidence that petitioner's motion was not treated as a motion for relief from judgment is the fact that the Michigan Court of Appeals did not rely on M.C.R. 6.508(D) to deny petitioner's appeal, as it typically does in appeals from the denial of post-conviction motions, but denied relief "for lack of merit in the grounds presented."

---

[5] *See* Application for Leave to Appeal, p. 1, citing to Tr. 1/4/13, pp. 3-4 [part of this Court's Dkt. # 8-13].

9

Moreover, assuming that petitioner's previous motion would be considered as a motion for relief from judgment, he may nonetheless be entitled to file a second motion for relief from judgment.  M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01.  Petitioner wishes to raise an ineffective assistance of appellate counsel claim as well as an ineffective assistance of counsel claim at re-sentencing.  Both claims clearly only accrued after petitioner filed his motion for relief from judgment.

This Court "should exercise caution in finding that" 6.502(G) would bar petitioner from presenting these claims to the Michigan courts. *Banks,* 419 Fed. Appx. at 418.  Because there is some likelihood that the Michigan courts might permit petitioner to file a second post-conviction motion for relief from judgment pursuant to one of the exceptions contained in M.C.R. 6.502(G)(2), particularly the newly discovered evidence exception, a procedural bar to such a second motion is not clearly applicable, therefore, this Court should grant petitioner a stay of proceedings to permit him to attempt to exhaust the claims contained in his motion for relief from judgment with the state courts. *See Banks,* 149 Fed. Appx. at 419-20.

Finally, the Court will deny petitioner's motion for the appointment of

10

counsel.  There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).  In light of the fact that petitioner has failed to exhaust his state court remedies, he is not entitled to the appointment of counsel to assist him with his habeas petition. *See e.g. Dupree v. Jones*, 281 Fed.Appx. 559, 561 (7th Cir. 2008).

### III.  ORDER

**IT IS HEREBY ORDERED** that petitioner's motion to amend the petition [Dkt. 13] is **GRANTED.**

**IT IS FURTHER ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance.  Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order.  If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition.

After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay.

11

Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel [Dkt. # 14] is **DENIED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 20, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 20, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

12