**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN VILLENEUVE,

      Petitioner,           Civil No. 2:14-CV-13768
                                  HONORABLE DENISE PAGE HOOD
v.                           CHIEF UNITED STATES DISTRICT JUDGE

WILLIS CHAPMAN,

      Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA
PAUPERIS***

John Villeneuve, ("Petitioner"), confined at the Thumb Correctional

Facility in Lapeer, Michigan, filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se*, petitioner

challenges his convictions for first-degree criminal sexual conduct,

M.C.L.A. 750.520(b).  For the reasons that follow, the petition for writ of

habeas corpus is DENIED.

**I. Background**

Petitioner pleaded guilty to two counts of first-degree criminal sexual

conduct in the Alpena County Circuit Court.  Petitioner was originally

1

sentenced to life in prison.

In 2012, petitioner filed a post-conviction motion for relief from judgment with the trial court, in which he raised several claims related to his plea and sentencing. The trial judge appointed counsel for petitioner. At the motion hearing, petitioner's appellate counsel informed the judge that petitioner no longer wished to withdraw his guilty plea but proceed with re-sentencing. Counsel essentially asked the trial court to treat petitioner's motion for relief from judgment as a motion for re-sentencing. Petitioner agreed on the record that he wished to proceed simply with re-sentencing. The judge agreed to order a re-sentencing, noting that he had mistakenly believed that petitioner was subject to a mandatory minimum 25 year prison term. (Tr. 1/4/13, pp. 3-8).

On March 13, 2013, petitioner was re-sentenced to fifteen to thirty years in prison. The judge advised petitioner that he could file an application for leave to appeal from the re-sentencing. (Tr. 3/13/13, pp. 50-51).

Petitioner's counsel appealed to the Michigan Court of Appeals, raising a single claim that the court violated petitioner's due process rights by considering uncharged allegations made by another victim that had

been mentioned in the pre-sentence investigation report, where petitioner

denied the allegations and the judge failed to make findings of fact with

respect to those allegations. The Michigan Court of Appeals denied the

appeal "for lack of merit in the grounds presented." *People v. Villeneuve,*

No. 316173 (Mich.Ct.App. December 18, 2013). Petitioner did not seek

leave to appeal with the Michigan Supreme Court. [1]

On January 24, 2014, petitioner filed his application for writ of habeas

corpus.

Petitioner subsequently requested to file an amended or

supplemental habeas petition, seeking to raise additional issues. This

Court granted the motion to amend the petition and held the petition in

abeyance so that petitioner could return to the state courts to properly

exhaust these claims. The Court administratively closed the case.

*Villeneuve v. Romanowski*, No. 2:14-CV-13768, 2015 WL 4429733 (E.D.

Mich. July 20, 2015).

Petitioner filed a second motion for relief from judgment, which was

denied. *People v. Villeneuve,* Nos. 10-003487-FC, 10-003489-FC (Alpena

Cty. Cir. Ct., Sept. 15, 2015). The Michigan appellate courts denied

---

[1] See Affidavit from Larry Royster, Clerk of the Michigan Supreme Court. [Dkt. # 8-14].

petitioner leave to appeal. *People v. Villeneuve,* No. 331464 (Mich.Ct.App. July 25, 2016); *lv. den.* 500 Mich. 1000, 895 N.W. 2d 183 (2017).

On August 31, 2017, this Court lifted the stay of proceedings and permitted petitioner to amend his habeas petition a second time.

In his original and amended habeas petitions, petitioner seeks habeas relief. Because petitioner's claims in his original and amended petitions often overlap or are duplicative, the Court will paraphrase the claims rather than recite them verbatim. The Court will also address the claims as they happened chronologically in petitioner's case and not in the order that he presented them: (1) petitioner's guilty plea should have been set aside because it was involuntary and coerced, (2) trial counsel was ineffective, (3) petitioner was sentenced based on inaccurate information, (4) petitioner's original and amended pre-sentence reports contained inaccurate information, and (5) petitioner was denied the effective assistance of post-conviction counsel.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral

review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

Petitioner raised his sentencing claims on the appeal from his re-sentencing.  The Michigan Court of Appeals denied petitioner's application for leave to appeal on petitioner's direct appeal in a form order "for lack of

merit in the grounds presented."  The AEDPA deferential standard of review applies to petitioner's claims where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented," because this order amounted to a decision on the merits. See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

Petitioner raised his remaining claims in his second motion for relief from judgment.  The trial judge denied the claims, on the ground that "No substantive argument has been offered to demonstrate the defendant's counsel fell below an objective standard of reasonableness or was otherwise ineffective." *People v. Villeneuve,* Nos. 10-003487-FC, 10-003489-FC, * 1 (Alpena Cty. Cir. Ct., Sept. 15, 2015).  The judge found that petitioner's other claims were without merit. *Id.,* * 2.  The Michigan Court of Appeals denied petitioner's appeal, finding that "defendant failed to establish that the trial court erred in denying his motion for relief from judgment." *People v. Villeneuve,* No. 331464 (Mich.Ct.App. July 25, 2016). The Michigan Supreme Court denied petitioner's post-conviction appeal pursuant to Mich.Ct.R 6.508(D). *People v. Villeneuve,* 500 Mich. 1000, 895 N.W. 2d 183 (2017).

The Sixth Circuit has held that the form order used by the Michigan

Supreme Court to deny leave to appeal in this case is unexplained because the citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291–92 (6th Cir.2010)(en banc). Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court's decision to determine the basis for the denial of state post-conviction relief.

The trial judge rejected petitioner's claims without citing to Rule 6.508 or any other procedural bar when he denied the motion for relief from judgment. This Court therefore presumes that the trial court adjudicated these claims on the merits for purposes of invoking the AEDPA's deferential standard of review.

## I. Discussion

### A. The involuntary plea claim.

Petitioner first claims that his guilty plea should be set aside because it was involuntary and coerced.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise

violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748(E.D. Mich. 2005).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his or her plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). When a petitioner brings a federal habeas petition challenging his or her plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  A habeas petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).  A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him or her by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*  Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

Petitioner initially claims that his plea was involuntary because the trial judge impermissibly participated in the plea negotiations.  The Court reviewed the plea transcript from August 20, 2010.  There is no indication from the record that the judge participated in any way in the plea negotiations with the parties.  Fed. R. Crim. P. 11 proscribes judicial

participation in plea discussions, but it was adopted as a prophylactic measure and is not impelled by the Due Process Clause or any other federal constitutional requirement. *United States v. Davila,* 133 S. Ct. 2139, 2149 (2013).  Although Fed. R. Crim. P. 11(e)(1) prohibits judicial participation in plea negotiations, it is not a federal constitutional rule; therefore, its prohibition on judicial participation in plea bargaining in the federal courts does not necessarily invalidate every instance of judicial participation in the negotiation of a guilty plea in state courts. *Alvarez v. Straub,* 21 F. App'x. 281, 283 (6th Cir. 2001)(*quoting Frank v. Blackburn,* 646 F. 2d 873, 880 (5th Cir. 1980)).  In the present case, the judge merely ascertained from the parties whether there had been a plea agreement. The judge further advised petitioner of the rights he would be giving up by pleading guilty. (Tr. 8/20/10, pp. 3-9).  The evidence in the record indicates that the trial court judge's remarks, on their face and in light of the surrounding environment in which they occurred, were not inherently coercive or prejudicial to petitioner's rights, because there is no evidence which demonstrates that the trial court judge's remarks "were stern, overbearing or determined to intimidate" petitioner into pleading guilty. *See Caudill v. Jago,* 747 F. 2d 1046, 1050-51 (6th Cir. 1984).

Petitioner further claims that his defense attorney coerced him into pleading guilty. At the time of the plea, however, petitioner indicated on the record that no one had threatened him or pressured him into pleading guilty. (Tr. 8/20/10, p. 10). Petitioner's bare claim that he was coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks,* 387 F. Supp. 2d at 750-51. Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d 236, 239 (6th Cir. 1987). Because petitioner knew about this alleged coercion at the time that he entered his plea, his unexplained delay in bringing this alleged coercion to the attention of the trial court until over two years later and after he had been sentenced undermines the credibility of his claim that he was coerced into pleading guilty. *See United States v. Ford,* 15 F. App'x. 303, 309 (6th Cir. 2001).

Petitioner next claims that his guilty plea was illusory because he was originally sentenced to life in prison.

A plea agreement is entered into involuntarily and unknowingly if the defendant is unaware that the prosecution's promise is illusory. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). Illusory representations made by the prosecutor to induce a defendant to waive his or her right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994).

Petitioner's plea agreement was not illusory. The prosecutor agreed to dismiss one of the first-degree criminal sexual conduct charges against petitioner and agreed to bring no further charges in exchange for his plea. (Tr. 8/20/10, p. 3). The plea agreement was not illusory because petitioner was promised the dismissal of charges which therefore amounted to a real, tangible benefit in consideration for the plea. *See Daniels v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994). Because petitioner derived a real benefit from his plea bargain in this case, his plea was not illusory and he is therefore not entitled to habeas relief. *See McAdoo v. Elo,* 365 F. 3d 487, 498 (6th Cir. 2004). Petitioner is not entitled to relief on his claim.

## B.  The ineffective assistance of trial counsel claim.

Petitioner next contends that his trial counsel was ineffective in failing to investigate his case and for advising him to plead guilty.

To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of

ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Any allegations of ineffective assistance of counsel that took place prior to petitioner's plea of guilty have been waived by that plea. An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Pre-plea claims of ineffective assistance of trial counsel are also considered nonjurisdictional defects that are waived by a guilty plea. *See United States v. Stiger,* 20 F. App'x. 307, 309 (6th Cir. 2001); *See also Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002)(habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at plea that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement). Accordingly, petitioner is not entitled to habeas relief on these claims.

Petitioner further claims that his trial counsel was ineffective for advising him to plead guilty rather than go to trial. The Supreme Court has noted that:

> Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function. Those principles are eroded if a guilty plea is too easily set aside based on facts and circumstances not apparent to a competent attorney when actions and advice leading to the plea took place. Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks. The opportunities, of course, include pleading to a lesser charge and obtaining a lesser sentence, as compared with what might be the outcome not only at trial but also from a later plea offer if the case grows stronger and prosecutors find stiffened resolve. A risk, in addition to the obvious one of losing the chance for a defense verdict, is that an early plea bargain might come before the prosecution finds its case is getting weaker, not stronger. The State's case can begin to fall apart as stories change, witnesses become unavailable, and new suspects are identified.

> *Premo v. Moore,* 562 U.S. 115, 124-25 (2011).

> The Supreme Court further admonished:

> These considerations make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage. Failure to respect the latitude *Strickland* requires can create at least two problems in the plea context. First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision. There are, moreover, special difficulties in evaluating the basis for counsel's

judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial. In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. AEDPA compounds the imperative of judicial caution.

Second, ineffective-assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect. *Strickland* allows a defendant "to escape rules of waiver and forfeiture,". Prosecutors must have assurance that a plea will not be undone years later because of infidelity to the requirements of AEDPA and the teachings of *Strickland*. The prospect that a plea deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude *Strickland* mandates or disregarding the structure dictated by AEDPA could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one.

*Premo,* 562 U.S. at 125 (internal citations and quotations omitted).

In addition, to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty, but would have insisted on going to trial. *Premo,* 562 U.S. at 129 (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at

59.  The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003).  The petitioner must show a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty, because there would have been a reasonable chance that he would have been acquitted had he or she insisted on going to trial. *See Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001) (overruled on other grounds).  A habeas petitioner's conclusory allegation that, but for an alleged attorney act or omission he or she would not have entered a plea of guilty, is therefore insufficient to prove such a claim. *Id.*

Finally, "[W]hen a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining," a federal court is required to "use a "'doubly deferential'" standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013).

Petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have

received a lesser sentence than he did by pleading guilty. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750.

Petitioner argues throughout his two amended petitions that trial counsel should have raised a misidentification defense. The problem with raising any misidentification defense is that one of the victims in this case testified at the preliminary examination that she had known petitioner since she was five years old and he used to come over to her house to drink with her father. This victim even indicated that she believed that petitioner was her father's nephew. The victim knew petitioner's children, who would come over to the house and play with her. (Tr. 6/28/10, pp. 9-12 [This Court's Dkt. # 8-3]). The second victim testified that she had known petitioner since she was five years old because she was friends with his children and would go over to stay at his house so that petitioner could babysit her. (Tr. 6/28/10, pp. 5-9 [This Court's Dkt. # 8-4]). Because these two victims had known petitioner for an extended period of time, it is doubtful that a misidentification defense would have been successful.

Petitioner also claims that his defense counsel should have presented a defense that either petitioner's brother or son was the actual perpetrator.

Petitioner has presented no evidence to suggest that his brother or son were the assailants in this case. Since there was no evidence linking either of these men to the sexual assaults, trial counsel was not ineffective in failing to pursue a third party culpability defense. *See e.g. Robins v. Fortner,* 698 F. 3d 317, 331 (6th Cir. 2012).

Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim, because any suggestion that he has a defense to these charges is "unpersuasive and lack merit." *Holtgrieve v. Curtis,* 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001).

### C. The sentencing claims.

Petitioner brings several challenges to his sentence and to his pre-sentence report.

Petitioner initially claims that the judge at his original sentencing and at his re-sentencing considered false information in fashioning his sentence, when the judge considered prior allegations of sexual misconduct against petitioner which he denies committing. Petitioner also alleges that the judge improperly considered petitioner's move to Alabama as evidence that petitioner had fled the State of Michigan to avoid arrest.

A criminal defendant possesses a constitutional right not to be

sentenced on the basis of "misinformation of constitutional magnitude."
*Roberts v. United States*, 445 U.S. 552, 556 (1980)(quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. 736, 741 (1948)(stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law).  In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false and that he or she was denied the opportunity to correct the errors at sentencing. *Collins v. Buchkoe*, 493 F. 2d 343, 345-46 (6th Cir. 1974); *Simpson v. Warren*, 662 F. Supp. 2d 835, 851-52 (E.D. Mich. 2009).  Even on direct review of a federal criminal conviction, a defendant is required to show that the disputed information "*demonstrably* made the basis for his sentence." *United States v. Hitow*, 889 F.2d 1573, 1582 (6th Cir. 1989)(emphasis original).  "Mere awareness of prejudicial information by a trial judge does not taint the sentence if the information was not expressly relied on." *Id.*

At the re-sentencing hearing, trial counsel argued that there were problems with the pre-sentence investigation report, including the social

history section which mentioned the alleged prior sexual misconduct and the allegation that petitioner had fled to Alabama to avoid arrest. Counsel also challenged the accuracy of petitioner's prior sex offense convictions. (Tr. 3/13/13, pp. 4-6, 11-20).

The trial court changed the number of prior sex offense convictions from four to two. (Tr. 3/13/13, pp. 20, 23-24). The trial court denied defense counsel's objection regarding the alleged prior sexual misconduct, but as a remedy of sorts added to the amended pre-sentence investigation report "that Mr. Villeneuve denies any of this is true." (*Id.*, p. 10). Finally, in response to the judge's question, counsel conceded that petitioner had been charged, although not convicted, in the State of Alabama with flight to avoid arrest. (*Id.,* pp. 12-13).

Petitioner is not entitled to relief on his claim because there is no indication that the judge considered these allegations of prior sexual misconduct or petitioner's flight to Alabama when re-sentencing him. The judge noted that he had considered the prior victimization of children when he originally sentenced petitioner to life in prison back in 2010. (Tr. 3/13/13, p. 50). The judge indicated that he would "remedy" that prior life sentence by re-sentencing petitioner to fifteen to thirty years'

imprisonment. (*Id.*, p. 50).  This suggests that the judge did not consider the allegations of prior sexual misconduct or petitioner's alleged flight from Michigan when re-sentencing him.  Because there is no indication from the judge that petitioner's alleged prior bad acts played a role in the re-sentencing, petitioner is not entitled to relief on his claim. *See e.g. United States v. Barbour*, 629 F. App'x. 727, 734–35 (6th Cir. 2015).  Petitioner is not entitled to habeas relief on this claim.

Petitioner next contends that the original and amended pre-sentence investigation reports contained false or inaccurate information.

There is no federal constitutional right to a pre-sentence investigation and report. *See Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001).  Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Allen,* 156 F. Supp. 2d at 797.  Moreover, because the federal constitution does not require a state court to prepare or consider a pre-sentence report, petitioner had no federal constitutional right to review any such report prior to sentencing. *Bridinger,* 429 F. Supp. 2d at 909.

To the extent that petitioner claims that the trial court failed to correct the inaccuracies in his pre-sentence report, in violation of M.C.R. 6.429, this would be noncognizable in federal habeas review, because it involves an issue of state law. *See e.g. Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 123 F. App'x. 207 (6th Cir. 2005).

More importantly, even where there is an alleged factual inaccuracy in a pre-sentence report, a court need not resolve the dispute when the information is not relied on in arriving at the sentence that was imposed. *See Warren v. Miller,* 78 F. Supp. 2d 120, 131 (E.D.N.Y. 2000).

In the present case, there is no evidence that the trial court relied on the allegedly incorrect information contained within the pre-sentence report in sentencing petitioner. A habeas petitioner is not entitled to relief on his claim that a pre-sentence investigation report contained inaccurate information where there is no indication that the sentencing judge relied on this information in sentencing the petitioner. *See Draughn v. Jabe,* 803 F. Supp. 70, 80 (E.D. Mich. 1992). Petitioner is not entitled to relief on his claim.

The fact that the pre-sentence report may affect petitioner's

placement within the Michigan Department of Corrections does not change this Court's decision. The potential impact of a pre-sentence reports on prison placement decisions is non-cognizable on habeas review. *See Locklear v. Holland*, No. 98-6407, 1999 WL 1000835, at * 2, 194 F. 3d 313 (Table)(6th Cir. Oct. 28, 1999). Any claim that this allegedly inaccurate information might be used to deny petitioner parole is non-cognizable, because it is not ripe. "If a defendant claims to be detrimentally affected by the use of an inaccurate PSR in decisionmaking as to parole ... he should challenge such use in the parole proceedings." *Hili v. Sciarotta*, 140 F.3d 210, 216 (2nd Cir.1998). Any further relief should be brought by petitioner in a separate habeas action challenging the denial of parole. *Id., See also United States v. Martin*, No. 89–3548, 1990 WL 136115, at * 1, 914 F. 2d 258 (Table)(6th Cir. Sept. 20, 1990). The mere possibility that this information may affect parole eligibility in the future, therefore, does not provide a cognizable basis for habeas relief at this time.

### D. The ineffective assistance of post-conviction counsel claim.

Petitioner lastly claims that the attorney appointed to represent him in his first post-conviction motion for relief from judgment was ineffective.

25

Petitioner contends that his counsel was ineffective for deciding to forego the motion to withdraw the guilty plea. Petitioner further claims that counsel was ineffective for failing to object to inaccuracies in the original or amended pre-sentence reports.

There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a habeas petitioner cannot raise a claim of ineffective assistance of counsel arising out of such proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Hence v. Smith*, 37 F. Supp. 2d 970, 979 (E.D. Mich. 1999). 28 U.S.C.§ 2254(i), in fact, states that the ineffectiveness of counsel during federal or state post-conviction proceedings "shall not be a ground for relief in a proceeding arising under section 2254." Petitioner's claim that his post-conviction counsel was ineffective is barred or noncognizable under § 2254(i). *See Post v. Bradshaw,* 422 F. 3d 419, 423 (6th Cir. 2005); *Cooey v. Bradshaw*, 338 F. 3d 615, 622 (6th Cir. 2003).

More importantly, even if this claim was cognizable, petitioner failed to show that his post-conviction counsel was ineffective. At the initial hearing on petitioner's motion for relief from judgment, counsel indicated that he had advised petitioner to forego the motion to withdraw his plea but

to proceed merely with re-sentencing. Petitioner agreed on the record with counsel's strategy. (Tr. 1/4/13, pp. 3-5). More importantly, this Court already indicated that there was no indication that petitioner's guilty plea was involuntary. Petitioner failed to show any reasonable likelihood that any motion to withdraw his guilty plea would have been granted. Petitioner was not prejudiced by his post-conviction counsel's failure to move to withdraw his plea. *See e.g. Franks v. Lindamood,* 401 F. App'x. 1, 7 (6th Cir. 2010).

Finally, to the extent that petitioner claims that his post-conviction counsel was ineffective in failing to object to the alleged inaccuracies in the pre-sentence report, he is not entitled to relief on such a claim because he failed to show that the judge considered any of this allegedly erroneous information in re-sentencing petitioner. *See United States v. Stevens*, 851 F.2d 140, 145–46 (6th Cir. 1988).

## IV. Conclusion

For the reasons discussed, the petition for writ of habeas corpus is denied.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. at 484.  Petitioner may, however, proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.  <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is

**DENIED.**

IT IS FURTHER ORDERED that the petitioner will be **GRANTED**

leave to appeal *in forma pauperis.*

IT IS FURTHER ORDERED that the Motion for Appointment of

Counsel (#31) is **DENIED**.  See, Rules 6(a) and 8(c), Rules Gov. Sec.

2254 Cases.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  January 31, 2018


I hereby certify that a copy of the foregoing document was served upon
counsel of record on January 31, 2018, by electronic and/or ordinary mail.


S/LaShawn R. Saulsberry
Case Manager